FRED O. SEAVER, Appellant, *v.* LINDSAY LIGHT COMPANY, Respondent.

Second Department, April 15, 1921.

Sales — " c. i. f." defined — action to recover for failure of seller to deliver — goods purchased c. i. f. point of destination — damages — difference in contract price ·and market price at point of destination is measure.

The letters " c. i. f." used in executory contracts of sale mean that the goods are to be shipped to an agreed point of destination, and that the price which the buyer is to pay includes the cost of the merchandise and the insurance and freight to such point of destination.

Compensation is the measure of damages and all rules prescribing special methods of computing damages are merely formulas for measuring compensation.

The measure of damages for failure to deliver goods sold " c. i. f." point of destination is the difference in the contract price and the market price at the point of destination at the time when in the regular course of transportation the goods would have reached there according to the terms of the contract.

APPEAL by the plaintiff, Fred O. Seaver, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 9th day of August, 1920, upon the decision of the court rendered after a trial at the Kings Trial Term, a jury having been waived, and also from an order entered in said clerk's office on the 11th

day of June, 1920, denying plaintiff's motion for a new trial made upon the minutes.

*Hiram R. Steele* [*George E. Miner* with him on the brief], for the appellant.

*Isaac Hyman,* for the respondent.

BLACKMAR, J.:

The defendant in Chicago and the plaintiff's assignor entered into an executory contract for the sale of 5,544 pounds of thorium in six monthly installments at the price of four dollars a pound, c. i. f. London dock. The defendant, the seller, defaulted in supplying a part of the merchandise called for by the contract, and this action is brought by the assignee of the buyer to recover damages for the breach of the contract. A jury was waived and the case was tried by the court. The court found the contract and the breach by the defendant and awarded to the plaintiff damages measured by the difference between the contract price and the market price at Chicago, from which point the goods were to be shipped. The plaintiff appeals from the judgment, claiming that the proper measure of damages is the difference between the contract price and the market price in London.

The letters " c. i. f.," used in executory contracts of sale, have for many years been used in commercial contracts in this country and their meaning is well established. They mean that the goods are to be shipped to an agreed point of destination and that the price which the buyer is to pay includes the cost of the merchandise and the insurance and freight to such point of destination. When the seller has arranged for the freight, has shipped the goods, and has effected insurance for the benefit of the buyer to the point of destination, he has performed his contract and the buyer is bound to accept and pay the seller's draft with a bill of lading and the insurance certificate attached. If the goods are lost in transit, he must look to the insurance for indemnity, or, in certain circumstances, to the carrier. It is plain that it is within the contemplation of the parties that the buyer shall come into possession of the goods at the point of destination. In this case the parties contemplated that the plaintiff's assignor, the purchaser, should receive the

goods in the city of London; and in determining the measure of damages this fact should be kept clearly in mind.

Compensation is the measure of damages. All rules prescribing special methods of computing damages are merely formulas for ascertaining compensation. The rule that the measure of damages for breach of an executory contract for the sale of goods is the difference between the contract price and the market price at the time and place of delivery (*Saxe* v. *Penokee Lumber Co.*, 159 N. Y. 371) is a formulation of the rule of compensation applied to such contracts. If there arises any doubt as to the application of this rule, that doubt should be solved by recourse to the general principle, namely, compensation.

The parties to the contract in question contemplated that the buyer should receive possession of the goods in London. Upon breach of the contract by the seller, he was entitled to the value of the contract. It is evident that to award him the value of his contract is to compensate him for the wrongful act of the seller in depriving him of its benefits. With the sole exception of the loss of the goods in transit, for which compensation is provided by insurance, or, in certain circumstances, by recourse against the carrier, the value of a c. i. f. contract is measured by the value of the merchandise at the point of destination when in the regular course of transportation it would have reached there according to the terms of the contract. The buyer of the goods is not indemnified for his loss if on the seller's default he is obliged to cross the ocean, buy the goods in Chicago and then have them shipped to London. He should have the right to go into the market in London, where he was to receive the goods, and there buy other goods to replace them. If the market price there exceeds the contract price, he can be indemnified only by awarding to him the difference. Therefore on principle the measure of damages should have been the difference between the contract price and the market price in London, for in no other way is the buyer idemnified for the injury he has sustained through the seller's breach of the contract.

The only direct authority I have found upon the subject is *Staackman, Horschitz & Co.* v. *Cary* (197 Ill. App. 601),

in which the rule is laid down that the measure of damages is the difference between the contract price and the market price at the point of destination.

The question, when the title to the goods passes, seems to have no place in this discussion. It may be that the title passed in Chicago. It certainly did to the extent of throwing upon the buyer the risk of the voyage. But that fact has no apparent relation to the question as to what measure of damages will compensate the buyer for a violation of the contract.

I recommend that the judgment and order be reversed and a new trial granted, with costs to abide the event. The findings of fact numbered sixth, seventh, eleventh and thirteenth and the conclusion of law numbered first should be reversed.

JENKS, P. J., MILLS, RICH and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event. The findings of fact numbered sixth, seventh, eleventh and thirteenth and the conclusion of law numbered first are reversed. Settle order on notice.